UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua James Lindsey, #337571, | ) | C/A No.: 5:15-cv-03319-PMD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER ON |
| | ) | MOTION TO FILE |
| | ) | DOCUMENTS UNDER SEAL |
| Lt. Johnnie Bryant, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on Defendant's Motion to File Plaintiff's medical records under seal as part of Defendant's Motion for Summary Judgment. ECF No. 30. Applicable law and the Local Rules of this court provide specific guidance regarding consideration of a motion to seal. *See* Local Civ. Rule 5.03 (D.S.C.) (setting out procedure to be followed in moving to seal documents filed with the court). In conducting its review, the court is guided by *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). In that case, the Fourth Circuit found that "a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" (citing *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The court's discretion notwithstanding, the court cannot ignore the presumption in favor of public access. *Ashcraft*, 218 F.3d at 302. Accordingly, in order to seal documents, the court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

The public-notice requirement has been satisfied by Defendant's electronic filing of the motion to seal, which includes a descriptive, non-confidential description of the documents he seeks to have filed under seal. ECF No. 30. *See* Local Civ. Rule 5.03(D) (requiring provision of public notice of the motion to seal and finding the docketing of such a motion to satisfy that requirement). Defendant filed the Motion on March 10, 2016, and no one has opposed Defendant's Motion to Seal.

Based on the court's consideration of the documents Defendant seeks to seal, the court finds that it is appropriate to grant Defendants' Motion. Further, the court considered less-drastic alternatives to sealing Plaintiff's medical records but finds no reasonable less-drastic alternative available. The documents sought to be filed under seal contain or consist of Plaintiff's confidential medical information.

The court, therefore, grants Defendant's Motion to Seal, ECF No. 30, and Plaintiff's medical records are to be filed under seal.

IT IS SO ORDERED.

*[Signature: Kaymani D. West]*

April 13, 2016
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge